[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 8, 1992 Date of Application December 25, 1992 Date Application Filed December 31, 1992 Date of Decision April 27, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Middlesex. Docket No. MV 9-374353 and MV 9-3714131.
Kevin A. Randolf, Esq. Defense Counsel, for Petitioner.
Michael Dannehy, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After pleas of guilty petitioner was convicted of manslaughter in the second degree with a motor vehicle while CT Page 5015 intoxicated in violation of General Statutes 53a-56b, assault in the second degree with a motor vehicle in violation of General Statutes 53a-60d and driving while intoxicated (second offense) in violation of General Statutes14-227a. A sentence of ten years, execution suspended after six and one half years with three years probation was imposed on the first count. A consecutive sentence of one year was imposed on the second count and a one year concurrent sentence was imposed for the violation of General Statutes14-227a. A $500.00 fine was also imposed on this count, but was remitted.
The total effective sentence was eleven years, execution suspended after seven and one half years with three years probation. Conditions of probation included an order that petitioner not operate a motor vehicle while on probation and alcohol counseling and treatment together with 500 hours of community service.
The facts underlying petitioner's conviction indicate that on the evening of October 14, 1991, he was operating a motor vehicle while under the influence of alcohol in a southerly direction in the northbound lane of Route 9. Petitioner's vehicle struck an oncoming vehicle injuring the occupants of the front seat and causing the death of a nine year old boy who was riding in the back seat of the vehicle.
In seeking a reduction of sentence petitioner's attorney stressed that the collision and the death of the nine year old boy were unintended and purely accidental. The attorney stated that petitioner did not intend to kill anyone and was not seeking a victim. The attorney stressed that many people operate while under the influence and others drive the wrong way on highways, and it was only an unfortunate set of circumstances which resulted in the death of the young boy in this case. It was stated that petitioner was a gainfully employed, married man with a family who had never before been incarcerated. Petitioner's attorney stated that the sentence, under these circumstances, was inappropriate and should be reduced. It was feared that this long sentence might discourage petitioner and that it would be in the best interest of society if the sentence were reduced. CT Page 5016
Speaking on his own behalf petitioner stated that the presentence investigation was not accurate and that he did have great remorse for causing the injuries and death to the child. He stated that the length of the sentence prevents him from being involved in certain programs offered by the corrections department. He requested a reduction in sentence so that he could participate in such programs.
The state's attorney urged the division not to reduce petitioner's sentence. The state's attorney stressed that this was petitioner's fourth arrest for operating under the influence. Prior to this conviction he had been allowed to take the alcohol education program, there was a prior conviction for operating under the influence in 1990 and another matter in Florida. The attorney stated that if petitioner had real concern for the public he would not have been out driving while intoxicated. The state's attorney stressed that the family of the young boy killed by petitioner would never recover from the grief resulting from this tragedy.
Although petitioner did not intentionally cause the death of the young boy, he did engage in a course of conduct which directly resulted in such death. His record indicates that petitioner engaged in this type of conduct on a number of prior occasions.
Under such circumstances it cannot be found that the sentence imposed was inappropriate or disproportionate. The sentence was well under the maximum allowed by law. Considering defendant's character and the need to protect the public and deter petitioner and others from such conduct the sentence was appropriate and should not be modified.
The sentence is affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 5017